UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00796-FDW-DSC

| | |
|---|---|
| The Procter & Gamble Company and Canfield Scientific, Incorporated,<br><br>Plaintiffs,<br><br>v.<br><br>Enhanced Image Technologies, Incorporated and PSI Co., Ltd.<br><br>Defendants. | CONSENT JUDGMENT |

WHEREAS, plaintiffs The Procter & Gamble Company ("P&G") and Canfield Scientific, Incorporated ("Canfield") (collectively "the Plaintiffs") and defendants Enhanced Image Technologies, LLC ("EIT") and PSI Co. Ltd. (collectively "the Defendants") have entered into a separate agreement for settlement of this case and hereby stipulate, by and through their counsel of record herein, to the entry of this Consent Judgment and Permanent Injunction (hereinafter "Consent Judgment");

WHEREAS, Plaintiffs have brought the present action under 35 U.S.C. Section 271, alleging infringement of U.S. Patent Nos. 6,571,003 ("the '003 Patent") and 5,687,259 ("the '259 Patent");

WHEREAS, Defendants have counterclaims seeking declaratory judgments that they do not infringe either patent and that the two asserted patents are invalid; and,

WHEREAS, the Defendants having appeared and the Court having concluded that it has jurisdiction over both the parties and the subject matter of this action:

UPON CONSENT OF ALL PARTIES, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.     Each claim of U.S. Patent Nos. 6,571,003 ("the '003 Patent") and 5,687,259 ("the '259 Patent") is valid and enforceable in all respects, and Defendants have directly and indirectly infringed one or more of the claims of both the '003 and '259 Patents by reason of their manufacture, use, sale, offer to sell and importation of the Image Pro I, Image Pro II, Janus I, and

1

Janus II products as currently configured with respect to their Comparison Feature and Patient Alignment Feature, as defined below.

2. With respect to the allegedly infringing products, Plaintiffs and Defendants are direct competitors, and Defendants' continued infringement would cause Plaintiffs irreparable harm for which an award of monetary damages would not fully compensate Plaintiffs.

3. The balance of hardships, if any, imposed by this injunction, favors the Plaintiffs and the public will not be harmed by reason of the entry of this Order.

4. Defendants and their respective subsidiaries, officers, agents, servants and employees, as well as those persons acting in concert or and participating with Defendants who receive actual notice of this Consent Judgment, are hereby enjoined from making, using, selling offering for sale, or importing in or into the United States, their Image Pro I, Image Pro II, Janus I, and Janus II products that incorporate or otherwise enable the Comparison Feature or Patient Alignment Feature, or colorable variations thereof that infringe claims of the '003 Patent and/or '259 Patents, and from indirectly infringing those patents by inducing or contributing to the infringement thereof by others.

5. For purposes of this Order, the Comparison Feature and Patient Alignment Feature shall be defined as follows:

(a) "Comparison Feature" shall mean generating a comparison between a numeric severity determined for an area containing a skin defect of a first acquired digital image of a portion of a person, and either a value associated with a population of people or a value associated with the person after a skin treatment; and,

(b) "Patient Alignment Feature" shall mean overlapping a first stored digital image of a person taken at a earlier time with a second live image of the person, with one of the first or second images being substantially translucent so as to permit the viewing of the one through the other in order to align the two.

6. This action, including all claims asserted against Defendants and all counterclaims asserted by Defendants, is hereby dismissed with prejudice with each party to bear its own costs, expenses and attorney fees. This dismissal, however, shall not affect Paragraphs 1, 2, 3, or 4, hereof.

7. This Consent Judgment is final and binding upon the parties. Specifically, paragraphs 1 and 2 hereof shall constitute *res judicata* in any future litigation between the parties, their successors or assigns regarding not only the devices that are the subject matter of this action but also other devices designed, developed, sold, offered for sale or imported by Defendants, their successors or assigns.

8. The parties waive any right to appeal from this Consent Judgment.

9. This judgment resolves all claims of all parties.

IT IS SO ORDERED.

Signed: July 30, 2013

Frank D. Whitney
Chief United States District Judge

**CONSENTED TO BY:**

| /s/Thomas L. Duston | /s/John C. Nipp |
|---|---|
| Thomas L. Duston | John C. Nipp (N.C. State Bar No. 23406) |
| Marshall, Gerstein & Borun LLP | SUMMA, ADDITON & ASHE, P.A. |
| 6300 Willis Tower | 11610 North Community House Rd |
| 233 South Wacker Drive | Suite 200 |
| Chicago, Illinois 60606 | Charlotte, North Carolina 28277-2199 |
| T: 312.474.6300 | Telephone: (704) 945-6710 |
| F: 312.474.0448 | Facsimile: (704) 945-6735 |
| E: tduston@marshallip.com | jnipp@summalaw.com |
| *Attorney for Plaintiff,* | *Attorney for Defendants PSI Co. Ltd., and* |
| *The Procter & Gamble Co. and* | *Enhanced Image Technologies, LLC.* |
| *Canfield Scientific, Inc.* | |